8999.010

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) TRUSTMARK LIFE INSURANCE COMPANY §§§§§<br><br>*Plaintiff*, §§<br><br>vs. §§<br>§ Cause No. 21-cv-153-RAW<br>1) LAUREN LOCUST, as mother and §§<br>legal guardian of SKYLAR THOMPSON; §§<br>and 2) MARA THOMPSON, individually §§<br>and as mother and legal guardian of minor §§<br>K.J.T., §§<br><br>*Defendants*. | |

**PLAINTIFF TRUSTMARK LIFE INSURANCE COMPANY'S ORIGINAL COMPLAINT FOR INTERPLEADER**

Trustmark Life Insurance Company ("Trustmark") files this Original Complaint for Interpleader, and states as follows:

## I. PARTIES

1. **Plaintiff Trustmark.** Plaintiff Trustmark is an Illinois corporation with its principal place of business in Lake Forest, Illinois.

2. **Defendant Lauren Locust, as mother and legal guardian of Skylar Thompson.** Defendant Lauren Locust ("Lauren") is an individual and citizen of Oklahoma, and currently resides in 461 E 147th Circle, Glenpool, Oklahoma 74033. Upon information and belief, Lauren is the biological mother and legal guardian of Skylar Thompson ("Skylar").

3. **Defendant Mara Thompson, individually and as mother and legal guardian of minor child K.J.T.** Defendant Mara Thompson ("Mara") is an individual and citizen of

**Plaintiff Trustmark Life Insurance Company's Original Complaint for Interpleader – Page 1**

Oklahoma, and currently resides at 25310 N 7 Mile Road, Fort Gibson, Oklahoma 74434. Upon information and belief, Mara is the biological mother and legal guardian of minor K.J.T.

## II. JURISDICTION AND VENUE

4. **Jurisdiction.** This Court has exclusive jurisdiction over this action pursuant to federal question jurisdiction under 29 U.S.C. § 1132(e)(1), as the Trustmark life insurance benefits at issue are payable under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Trustmark seeks to obtain equitable interpleader relief pursuant to 29 U.S.C. § 1132(a)(3)(B)(ii) to enforce the terms of the employee welfare benefit plan.

5. **Venue.** Venue is proper in this Court under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b)(1)-(2), as the Insured resided in this district, as the district in which a substantial part of the events or omissions giving rise to this action occurred, and as the district where one or more Defendants reside.

## III. OPERATIVE FACTS

6. **The Policy.** Trustmark issued group life insurance policy no. L242-76-13-678 (the "Policy") to Line Construction Benefit Fund (the "Policy Holder") as part of the Policy Holder's ERISA plan for its employee. By virtue of his employment with the Policy Holder, Trustmark issued life insurance coverage to Larry Thompson, Jr. (the "Insured") under the Policy. The Policy provided $20,000.00 in life insurance coverage in the event of death (the "Policy Proceeds"). The Policy also provides that, the beneficiary named in the application is the payee to whom Policy Proceeds are to be paid, and if no beneficiary is living, designated, or otherwise available, then the Policy's provision on benefit payee succession provides the order that Policy Proceeds will be paid to the first of the following beneficiary classes in which there is a surviving person: (1) spouse; (2) children; (3) parents; (4) brothers and sisters; and (5) executors and administrators.

7. **Designation of Beneficiary.** The Insured enrolled in the Policy on January 23, 2012. Upon his enrollment in the Policy, the Insured designated his then wife, Mara, as the Policy's beneficiary.

8. **The Divorce**. In 2020, the Insured and Mara became divorced upon entry of an Agreed Judgment and Decree of Dissolution of Marriage entered in the District Court of Cherokee County, Oklahoma, in Case No. FD-2020-47, *Mara Dawn Thompson, Petitioner v. Larry Don Thompson, Jr, Respondent*.

9. **Death of the Insured.** The Insured died of illness on or around December 7, 2020.

10. **Rival Claims.** After the Insured's death, Trustmark and the Policy Holder received communications from Mara and Lauren regarding their assertions of entitlement to the Policy Proceeds. In response, Trustmark sent the requisite forms to Mara and Lauren for each of them to submit claims to the Policy Proceeds. Shortly thereafter, Mara submitted a claim to Trustmark asserting entitlement to the Policy Proceeds on behalf of her minor child, K.J.T. Subsequently, she asserted a claim to the Policy Proceeds in her individual capacity. Additionally, Mara asserted, and continues to assert, that Skylar is not the Insured's biological son and is therefore ineligible to be a payee of the Policy Proceeds. As such, she asserts that she, either individually or on behalf of K.J.T., is entitled to the full amount of the Policy Proceeds rather than splitting it in half between K.J.T. and Lauren, on behalf of Skylar. Lauren, in turn, contends that Skylar is the Insured's biological child and is entitled to half of the Policy Proceeds.

11. Trustmark has a good faith doubt as to whom is entitled to the Policy Proceeds.

12. The uncertainty surrounding these issues leads to Trustmark's good-faith basis for initiating this interpleader of the Policy Proceeds.

13. **Trustmark's Possible Double or Multiple Liability.** In light of the foregoing, Trustmark has reasonable doubt as to whom is entitled to the Policy Proceeds.

14. As a result, Trustmark seeks resolution of conflicting claims in good faith. Trustmark is or may be exposed to double or multiple liability. Trustmark has no interest whatsoever in the Policy Proceeds other than fulfilling its contractual obligation to pay the sums due to the appropriate party. Accordingly, Trustmark has no independent liability to Mara, Lauren, Skylar, or K.J.T., (collectively, the "Defendants") and is a disinterested stakeholder in this case. Trustmark therefore desires to interplead the Policy Proceeds totaling $20,000.00. Trustmark admits liability for the Policy Proceeds, and tenders same to the Court.

15. **Retention of Counsel.** As a result of the present controversy, Trustmark had to retain the undersigned counsel and has agreed to pay attorneys' fees and costs of Court.

## IV.   CLAIMS FOR RELIEF

16. **Interpleader.** Pursuant to Fed. R. Civ. P. 22, Trustmark files this interpleader against Defendants. Trustmark has a good faith doubt as to whom the Policy Proceeds are owed, whether be to Mara, to Mara on behalf of K.J.T., or to be shared evenly between Mara on behalf of K.J.T and Lauren on behalf of Skylar. Trustmark admits its obligation to pay the Policy Proceeds but cannot pay them in the face of competing claims without subjecting itself to the possibility of double or multiple liability. Trustmark is a disinterested stakeholder with respect to the Policy Proceeds and claims no beneficial interest therein, except for attorneys' fees and costs incurred in connection with this interpleader. Furthermore, Trustmark has no independent liability to any claimant in this interpleader. Trustmark shall, upon the granting of a motion on its interpleader, pay into the Registry of the Court the Policy Proceeds, together with any legal interest due thereon through the date of the interpleader.

17. **Attorneys' Fees.** Trustmark is entitled to its reasonable and necessary attorneys' fees and costs in connection with its claim for interpleader. *See, e.g., Lincoln Income Life Ins. Co. v. Harrison*, 71 F.R.D. 27, 31 (W.D. Okla. 1976) ("The law is clear that a district court has the authority to award within its discretion stakeholder costs, including a reasonable attorneys' fee in interpleader actions.").

## V.   PRAYER

19. **Relief Requested**. Trustmark respectfully requests the following relief:

    (a) That Defendants be served with process of the interpleader, and they be required to answer in the time and manner prescribed by law;

    (b) That Defendants be required to interplead and settle among themselves their rights and claims to the Policy Proceeds;

    (c) That the Court enter an order enjoining and restraining Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Policy involved in this interpleader action;

    (d) That on final hearing, Defendants for themselves, their heirs, legal representatives, and assigns, and all other persons claiming by, through, or under them, be permanently enjoined and restrained from instituting or prosecuting any proceeding in any state or United States court against Trustmark relating to the Policy;

    (e) That Trustmark be awarded its reasonable attorneys' fees and court costs in connection with the interpleader;

    (f) That Trustmark be fully and finally discharged from further liability to Defendants, and all other persons claiming by, through, or under them; and

    (g) That this Court grant all such other and further relief, both general and special, at law and in equity, to which Trustmark may show itself justly entitled.

Dated: May 25, 2021

Respectfully submitted,

By:   s/Christopher A. Barrow
Christopher A. Barrow, OBA No. 20027
BARROW & GRIMM, P.C.
110 W. 7th Street, Suite 900
Tulsa, Oklahoma 74119
cbarrow@barrowgrimm.com
Telephone: (918) 584-1600
Facsimile: (918) 585-2444

- and –

Andrew G. Jubinsky (*pro hac vice* to be filed)
Texas Bar No. 11043000
andy.jubinsky@figdav.com
Kristina A. Pierre-Louis (*pro hac vice* to be filed)
State Bar No. 24092973
kristina.pierre-louis@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR TRUSTMARK LIFE INSURANCE COMPANY